UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-3455 |
| v. ) | |
| ) | Judge John W. Darrah |
| VILLAGE OF CALUMET PARK, ) | |
| a municipal corporation, and ) | |
| TONY NIETO and ROBERT GERRITSEN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Marvin Wright, filed an Amended Complaint against Defendants, Village of Calumet Park ("Calumet Park"), Tony Nieto, and Robert Gerritsen (collectively, "Defendants"), alleging trespass to land, false arrest, false imprisonment, and battery. Wright also asserted a 42 U.S.C. § 1983 action against Officers Nieto and Gerritsen only. Presently before the Court is the Defendants' Motion to Dismiss Counts I and II of Wright's Amended Complaint and to strike the official-capacity claims of Count III. For the reasons stated below, the Court dismisses Officers Nieto and Gerritsen from Counts I and II and strikes any allegations related to official-capacity claims from Count III. Calumet Park remains a party to Counts I and II, and Officers Nieto and Gerritsen remain parties to Count III.

## **BACKGROUND**

The following facts are alleged in Wright's Amended Complaint. On or before September 7, 2007, Wright's brother requested the assistance of Officers Nieto and

Gerritsen to collect a debt owed to him by Wright. (Am. Compl., Count I, ¶ 3.) On September 7, 2007, Officers Nieto and Gerritsen unlawfully entered Wright's home "under color of their office as [Calumet Park] police officers." (Am. Compl., Count I, ¶¶ 2, 4.) When Wright asked the officers to leave, he was placed under arrest, painfully handcuffed, forcibly removed from his home, taken to the Calumet Park police station, and charged with resisting a police officer and battery. (Am. Compl., Count I, ¶¶ 4, 5.) He was in jail for approximately thirteen hours. (Am. Compl., Count I, ¶ 4.) The charges against Wright were subsequently dropped, and no charges were filed regarding the purported debt. (Am. Compl., Count I, ¶¶ 5, 6.)

On September 5, 2008, Wright filed a three-count complaint against Calumet Park, Officer P. Smiley, and an unknown officer. On May 4, 2009, Wright served Defendants with (but never filed) an Amended Complaint against Calumet Park and Officers Nieto and Gerritsen. The Amended Complaint merely substituted the names of Officers Nieto and Gerritsen for those of Officer P. Smiley and the unknown officer; all allegations against Calumet Park remained the same. Defendants filed a Notice of Removal to this Court on June 8, 2009. On June 30, 2009, with leave of the Court, Wright filed the Amended Complaint.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of*

*Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. at 555). Although affirmative defenses are not usually resolved on a motion to dismiss, dismissal under Rule 12(b)(6) is proper if the plaintiff's complaint, on its face, demonstrates that a claim is barred by a statute of limitations. *See Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

## ANALYSIS

### Counts I & II – State Law Claims of Trespass to Land, False Arrest, False Imprisonment, and Battery

Counts I and II are brought against Officers Nieto and Gerritsen and against Calumet Park. As to Officers Nieto and Gerritsen, Defendants argue that Counts I and II are barred by the one-year statute of limitations set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), which provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from

3

the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). Otherwise, personal-injury actions may be brought within two years. *See* 735 ILCS 5/13-202; *Protich v. Will County Health Dep't*, No. 02 CV 4796, 2002 WL 31875461, at *1 (N.D. Ill. Dec. 24, 2002) (observing that Illinois's general two-year statute of limitations would apply to plaintiff's cause of action if plaintiff was found to be an independent contractor rather than an employee).

It is undisputed that Wright's Amended Complaint naming Officers Nieto and Gerritsen as defendants was filed more than one year, but less than two years, after the alleged incident. And Wright concedes that the claims against Nieto and Gerritsen would not relate back to the date of his original complaint for purposes of the statute of limitations. Accordingly, to the extent Counts I and II state claims against Officers Nieto and Gerritsen in their official capacities, those claims must be dismissed.

But Wright claims a factual issue remains as to whether the officers were acting within the scope of their employment. This argument is not supported by the allegations in Wright's Amended Complaint. Wright specifically alleges that "***all*** of the actions of the defendants, Nieto and Gerritsen, ***were committed under color of their office as police officers*** of the defendant Village of Calumet Park ***and in their capacity as agents, servants, and employees*** of the Village of Calumet." (Am. Compl., Count I, ¶ 2 (emphasis added).) Wright also alleges that each of the two officers unlawfully entered Wright's home "under color of his office as a police officer," falsely placed Wright under arrest, painfully handcuffed him, forcibly removed him from his home, jailed him for thirteen hours, and falsely charged him with crimes he did not commit. (Am. Compl.,

4

Count I, ¶¶ 4-5.) He further alleges the officers' conduct "individually and as agents of the Village of Calumet Park" constitute trespass to land, false arrest, false imprisonment, and battery. (Am. Compl., Count I, ¶ 7 & Count II, ¶ 7.) These allegations purport to state a claim against officers acting within the scope of their employment, and they are barred by the Tort Immunity Act.

Wright's claims cannot be saved by virtue of having also been brought against the officers "individually." *See Crockett v. City of Northlake*, No. 00 C 4542, 2002 WL 31236085, at *14 (N.D. Ill. Oct. 1, 2002) (*Crockett*) (citing *Racich v. Anderson*, 608 N.E.2d 972, 973 (Ill. App. Ct. 1993). In *Crockett*, the district court held that the one-year statute of limitations barred all claims against the individual defendants, even to the extent they were brought against those officers individually:

> Here, while [Plaintiff] may seek to recover damages against [the officers] individually, the battery claim he asserts against them is based on their conduct while acting under color of law. All of the alleged acts of battery would have occurred while the defendants were acting in their role as police officers and performing their regular duties, such as handcuffing an arrestee, removing the cuffs, incarcerating the arrestee, and transporting the arrestee, once injured, out of the jail.

*Id.*; *see also O'Brien v. City of Chicago*, No. 92 C 7738, 1993 WL 116757, at *3 (N.D. Ill. Apr. 15, 1993) (*O'Brien*) (barring claims against officers in their individual capacities as time-barred under the Tort Immunity Act, because there was "no allegation to take their conduct outside the scope of employment"). To hold otherwise would mean "one statute of limitations would apply to the battery claim against the defendant officers in their official capacity, and a different limitations period would govern the same battery

5

claim as asserted against the defendant officers in their individual capacity." *Crockett*, 2002 WL 31236085, at *14.

Like the plaintiffs in *Crockett* and *O'Brien*, Wright has not alleged facts sufficient to take Nieto's and Gerritsen's conduct outside the scope of their employment as Calumet Park police officers. Indeed, Wright appears to have made every effort to allege that the conduct was *within* the officers' scope of employment in order to add Calumet Park as a defendant. Now, when faced with Defendants' Motion to Dismiss, Wright argues that the allegations in his Amended Complaint support a claim that the officers were *not* acting within the scope of their employment as Calumet Park police officers, noting, "[I]t is alleged that the defendants [sic] purpose in entering the plaintiff's home and engaging in the alleged conduct was the collection of a private debt – not the execution or enforcement of the law or the legitimate performance of any official duty." (Resp. ¶ 4.) But this allegation, when read in context with other material allegations, at best, merely shows the motivation that set the alleged unlawful acts in motion. The issue of whether an employee's acts were actuated, at least in part, by a purpose to serve the master is a factor in determining whether an employee acted within the scope of his employment. *See Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 992 (Ill. 2007). But here, Wright **specifically alleged** that every unlawful act committed by Officers Nieto and Gerritsen was committed **under color of law and as agents** of Calumet Park. Even construing all possible inferences in Wright's favor, his Amended Complaint does not allege that Nieto and Gerritsen were acting in any capacity other than as agents of

Calumet Park when the alleged misconduct occurred. All claims in Counts I and II against Officers Nieto and Gerritsen must therefore be dismissed.

Defendants next argue that no action alleged in Counts I and II can be maintained against Calumet Park. Under Section 9-102 of the Tort Immunity Act, "[A] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable . . . ." 745 ILCS 10/9-102. According to Defendants, because the claims against the officers are barred by the statute of limitations, the claims against Calumet Park must be barred as well.

But unlike Officers Nieto and Gerritsen, Calumet Park was timely named as a defendant. Although the Tort Immunity Act bars Wright from bringing his claims against Officers Nieto and Gerritsen, it does not follow that the timely allegations against Calumet Park are now barred as well. Indeed, Wright was not required to name Officers Nieto and Gerritsen as defendants. When an employer is sued under a theory of *respondeat superior*, "the servant is not a necessary party in an action against the master." *McCottrell v. City of Chicago*, 481 N.E.2d 1058, 1059 (Ill. App. Ct. 1985) (citations omitted). "Therefore it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action." *Id.* at 1060.

It thus follows that a statute-of-limitations bar later asserted against an identified employee cannot be grounds for dismissing the count against the employer when the employer was sued within the time required by the applicable statute of limitations. In

*Vodak v. City of Chicago*, No. 03 C 2463, 2006 WL 1049736, at *1 (N.D. Ill. Apr. 19, 2006), the plaintiffs brought an action against the City of Chicago and several unnamed officers within one year of the alleged incident. After the one-year statute-of-limitations period of the Illinois Tort Immunity Act had run, the plaintiffs added twenty-seven officers in an amended complaint. *Id.* The court held that the officers were not timely added and dismissed all of the state law claims against them. *Id.* But that did not prevent plaintiffs from pursuing their counts of *respondeat superior* against the City of Chicago, as long as Plaintiffs could "prove that the added defendants would be liable and acted within the scope of their employment." *Id.* at *5. "[F]ailure to add an employee before the passing of the statute of limitations does not bar relief against the employer under the Tort Immunity Act." *Id.* Similarly, Calumet Park may still be liable for the actions of their employees if the officers were acting within the scope of their employment, even though the employees were not sued within the time set by the statute of limitations.

### *Count III – Official-Capacity Claims Under § 1983*

Defendants contend that the official-capacity claim against the individual officers in Count III should be stricken. Although Wright explicitly stated that Calumet Park was not a defendant as to Count III, Wright also alleged that Count III was brought against "each and all Defendants in both their individual and official capacities." (Am. Compl., Count III, ¶¶ 15, 16.) And a suit against a governmental officer in his official capacity is actually a suit against the governmental entity for which the officer works. *Will v. Mich. Dep't of Police*, 491 U.S. 58, 71 (1978). In his response, Wright concedes to the

dismissal of Calumet Park from Count III. (Resp. ¶ 7.) Accordingly, paragraph 16 of Count III in Wright's Amended Complaint, which states, "Plaintiff sues each and all Defendants in both their individual and official capacities," is deemed to be stricken.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Wright's Amended Complaint is granted in part and denied in part. Officers Nieto and Gerritsen are dismissed as defendants to Counts I and II, but the Village of Calumet Park remains a party. As agreed to by both parties, Defendants' motion to strike the official-capacity claims of Count III is granted.

Date: November 2, 2009

JOHN W. DARRAH
United States District Court Judge